BRENDAN V. MONAHAN (WSBA #22315)
SEAN A. RUSSEL (WSBA #34915)
STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, WA  98901-2757
Phone:  509-853-3000
Facsimile:  509-895-0060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELS RANCH, LLC; SUPER ORCHARDS II, LLC; QUINCY RANCH, LLC; GLEED RANCH, LLC; DUDLEY II RANCH, LLC; OTHELLO RANCH, LLC; VISSER RANCH, LLC; SUNNYSIDE RANCH, LLC; & ROSKAMP RANCH, LLC;<br><br>      Plaintiffs,<br><br>    v.<br><br>THE FARM SERVICE AGENCY of the UNITED STATES DEPARTMENT OF AGRICULTURE; THE UNITED STATES DEPARTMENT OF AGRICULTURE; and THOMAS J. VILSACK, in his capacity as Secretary of the United States Department of Agriculture;<br><br>      Defendants. | Case No.:<br><br>COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF |

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 1

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, Washington  98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

COME NOW the Plaintiffs, Daniels Ranch, LLC, Super Orchards II, LLC, Quincy Ranch, LLC, Gleed Ranch, LLC, Dudley II Ranch, LLC, Othello Ranch, LLC, Visser Ranch, LLC, Sunnyside Ranch, LLC, & Roskamp Ranch, LLC, ("Plaintiffs") by and through the undersigned Counsel and for their Complaint for Judicial Review, Declaratory Relief, and Injunctive Relief does state as follows:

## I. INTRODUCTION

1. The Plaintiffs bring this action for Judicial Review, Declaratory Relief, and Injunctive Relief, pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 551, et seq along with 7 U.S.C. § 6999, which provides for Judicial Review of all final determinations of the National Appeals Division of the United States Department of Agriculture.

2. The Defendants, Farm Service Agency, United States Department of Agriculture and Tom Vilsack, ("Defendants") have issued an administrative determination adverse to the Plaintiffs. Plaintiffs now seek Judicial Review of the Defendants' administrative determination that it was ineligible to participate in the Coronavirus Food Assistance Program (hereinafter "CFAP"). The Defendants' administrative actions adverse to the Plaintiffs were based on erroneous factual findings as well arbitrary and capricious decision-making. Plaintiffs specifically contest the Defendants' finding that ownership in the Plaintiffs did not vest in individuals at the "fourth level" of ownership.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 2

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

3. The aforementioned determinations of the United States Department of Agriculture have resulted in the denial of CFAP payments to the Plaintiffs.

4. The Plaintiffs ask for a declaratory ruling by this Court that Defendants' finding that the Plaintiffs were not eligible to receive CFAP payments was in error, arbitrary, and capricious. The Plaintiffs further request that the Court enter a Judgment that Plaintiffs were eligible to receive CFAP payments in 2020 and that the Court Order USDA to make these payments to the Plaintiffs.

5. The Plaintiffs request that this Court enjoin Tom Vilsack, Secretary of the United States Department of Agriculture, from withholding the payment of any CFAP benefits from the Plaintiffs for the year 2020.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 7 U.S.C. § 6999 (Judicial Review of the USDA National Appeals Division); 28 U.S.C. § 1331 (Federal Question); § 2201 (Authorizing Declaratory Relief); § 2202 (Authorizing Injunctive Relief); and 5 U.S.C. § 702 (Providing for Judicial Review of Agency Action under the Administrative Procedure Act).

7. The Administrative Procedure Act provides a right to judicial review to one suffering legal wrong because of agency action. Final determinations of the United States Department of Agriculture's National Appeals Division are reviewable by any United

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 3

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

States District Court of Competent Jurisdiction in accordance with Chapter 7 of Title 5. 7 U.S.C. § 6999.

8. Venue in this Judicial District is proper under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District as well as under 5 U.S.C. § 703.

### III. PARTIES

9. Plaintiffs are Washington limited liability companies which operate farming operations.

10. The Defendant, United States Department of Agriculture, through its Farm Service Agency (FSA), is responsible for the administration of the CFAP benefits which are the subject of this Action.

11. The Defendant, United States Department of Agriculture, manages the Farm Service Agency, the agency with primary responsibility for the administration of Federal Farm Programs including the CFAP payments which is at issue in this litigation.

12. The Defendant, Tom Vilsack, is the Secretary of the USDA, and oversees the USDA's administration of Federal Farm Programs. He is sued in his official capacity only.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 4

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

## IV. FACTUAL BACKGROUND

**A. Overview**

13. This case comes before the Court on appeal from a final determination by the National Appeals Division of the United States Department of Agriculture (USDA) where USDA held the Plaintiffs' applications for the 2020 Coronavirus Food Assistance Program (CFAP) were correctly denied. The Plaintiffs contend that these determinations of USDA were erroneous, arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law and should therefore be overturned by this Court in accordance with the Standards of Judicial Review set forth in the applicable statutes and the Administrative Procedure Act.

14. The Defendants implemented the Coronavirus Food Assistance Program (CFAP) to assist eligible producers of commodities, including specialty crops, that were significantly impacted by the Coronavirus (COVID-19) pandemic. See 7 C.F.R. § 9.1. This program provided for payments which were intended to help offset market price declines and increased marketing costs resulting from the COVID-19 pandemic.

15. The present controversy is a dispute between nine limited liability companies and the Defendants which concerns the Defendants' refusal to provide CFAP benefits to these Plaintiffs. The Defendants denied Plaintiffs' CFAP benefits based on an erroneous application of the attribution of payment rules at 7 C.F.R. § 1400.105. Put simply, the

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 5

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

Defendants did not deny the CFAP benefits on the basis that Plaintiffs were not eligible for such benefits. Instead, Plaintiffs' CFAP benefits were denied on the basis that ownership in these entities were held by "other legal entities" at the fourth "ownership level."

16. The primary issue in this case is whether ownership of the Plaintiffs is held by "persons" at or before the fourth level of ownership, as Defendants have construed their regulations to bar payment to entities where ownership does not vest in "persons," prior to the fourth level of ownership. At issue in the present controversy are questions of whether the Defendants properly interpreted and applied the rules and regulations guiding the CFAP Program as well as whether the Defendants erred in their underlying factual determinations.

**B.    Facts Relating to Plaintiffs**

17. The Plaintiffs are all Washington limited liability companies which operate apple farming operations. The FSA has determined that all Plaintiffs are "actively engaged in farming" and that each Plaintiff is eligible to receive farm program payments and CFAP benefits. The membership units in each Plaintiff are held by two (2) legal entities – Quincy II, LLC, a Washington LLC (99%), and Kershaw Farm Labor Management, Inc. (1%), a Washington corporation.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 6

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

18. Kershaw Companies, LLC, ("KC LCC") is another Washington limited liability company and the sole member of Quincy II, LLC. During the relevant time period, KC LCC was similarly the sole shareholder of Kershaw Farm Labor Management, Inc. KC LLC owns no land, agricultural commodities, products, or livestock. KC LLC similarly produces no agricultural commodities, products, or livestock.

19. On July 17, 2020, Plaintiffs each filed an AD-3114 2020 CFAP Application. Plaintiffs filed all other relevant paperwork to participate in the program during July and August 2020, including a Form CCC-902 "Farm Operating Plan" for program year 2020 and a Form CCC-901 "Member's Information" showing their ownership structure.

20. On August 27, 2020, the County Executive Director (CED) notified each Plaintiff that the County Committee (COC) had determined each Plaintiff is subject to payment limitations because each Plaintiff is owned by two business entities, Quincy II, LLC ("QII") and Kershaw Farm Labor Management, Inc. ("KFLM"). On September 2, 2020, Plaintiffs filed AD-3114 2020 CFAP Applications for pandemic-related losses to their crops. The following day, the COC reviewed and approved the payments for Plaintiff's 2020 CFAP Applications.

21. On November 6, 2020, a Program Technician employed by the Farm Service Agency notified the Plaintiff's common Chief Financial Officer that the COC-approved CFAP benefit payments would be reduced by one-hundred percent (100%) due to the

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

Agency's determination that ownership interest at the fourth level was held by other legal entities rather than by individuals. On December 22, 2020, the CED sent each Plaintiff a letter providing formal notification that although their individual 2020 CFAP Applications had "met all basic eligibility requirements to participate in CFAP-1, the applicable payments earned by the entity will be reduced by 100% due to ownership interests at the fourth level being held by other entities." The Agency cited its own internal handbook in making this eligibility determination. FSA Handbook 5-PL Amend. 1 Par 277C.

22.  The Plaintiffs timely submitted an appeal to the USDA National Appeals Division and exhausted all available administrative remedies prior to filing this Complaint. On October 22, 2021, the Director issued a Director Review Determination upholding the adverse determinations by the Farm Service Agency.

### V.  CLAIMS FOR RELIEF

**A.    Judicial Review under the Administrative Procedure Act**

23.  Section 702 of the Administrative Procedure Act (APA) entitles a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action. 5 U.S.C. § 702. A final determination of the National Appeals Division is

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 8

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

reviewable by any United States District Court of Competent jurisdiction in accordance with Chapter 7 of the APA.  7 U.S.C. § 6999.

24. Section 706 of the APA authorizes this Court to "set aside agency action, found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

25. The final decision of the Defendants, as set forth in the Appeal Determination, attached hereto as Exhibit A is arbitrary and capricious, constitutes an abuse of discretion, and is otherwise not in accordance with law.

26. Specifically, the agency erred in its determination that (1) ownership interests at the fourth level were held by other legal entities and (2) Kershaw Company is a legal entity for purposes of payment attribution. The agency erred in its determination that ownership interests at the fourth level were held by other legal entities, because the agency incorrectly classified the Plaintiffs as first-tier legal entities for determining attribution of payments, rather than correctly determining that Plaintiffs are producers and program recipients.

27. No program rules or regulations were violated by Plaintiffs. The Defendants' determination that Plaintiffs were ineligible to receive CFAP payments in 2020 was, therefore, not based upon a reasonable application of Federal Regulations.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 9

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

USDA has failed to follow its own regulations in determining Plaintiffs to be ineligible to receive CFAP payments.

28.  The failure of USDA to follow its own regulations and procedures when considering farm program eligibility rules not only constitutes arbitrary decision making but also a violation of Federal Law pursuant to the Accardi doctrine.  The "Accardi doctrine provides that when an agency fails to follow its own procedures and regulations, that agency's actions are generally invalid." Nader v. Blair, 549 F.3d 953, 962 (4th Cir. 2008) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954)).

29.  As a result, the determination of USDA that Plaintiffs were not eligible to receive CFAP payments in the year 2020 should be set aside and USDA should be Ordered to return the aforementioned payments to the Plaintiffs.  Defendants' determination that the Plaintiffs participated in any act in violation of the CFAP regulations is arbitrary, capricious, and contrary to law.  See 5 U.S.C. § 706(2).

30.  Plaintiffs now seek reversal of the Defendants' adverse CFAP eligibility determination.  The determinations adverse to Plaintiffs were not consistent with the laws and regulations promulgated by the Agency for determining CFAP eligibility.  The Agency has, in effect, crafted a unique and arbitrary explanation for denying Plaintiffs CFAP payments.  The Agency based its initial determination (and subsequent determinations) on an incorrect application of the laws and regulations related to CFAP

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 10

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

eligibility. The applicable laws and regulations do not specifically address, for the purpose of determining attribution of payments (1) the classification of producers and program-recipients as first-tier legal entities and (2) the classification of a pass-through entity as a "level of ownership." As such, the Agency's determination will be shown to be erroneous, arbitrary, capricious, and unsupported by substantial evidence of record.

**B.     Declaratory Relief**

31.    An actual controversy has arisen and now exists between Plaintiffs and the Defendants concerning their respective rights and duties under the CFAP payments and applicable statutes and regulations. Plaintiffs contend that it was eligible to receive CFAP payments in 2020. USDA denies this contention.

32.    The Plaintiffs request a judicial determination of the rights and duties of the Parties relevant to the aforementioned contractual provisions and applicable regulations as well as a declaration from the Court as to the parties rights and duties relative to same.

33.    This case is justiciable because the Defendants' failure to comply with the applicable law regarding CFAP payments is the direct result of final agency action that has caused and will continue to cause immediate and concrete injury to Plaintiffs. The Plaintiffs are presently and continuously injured by the Adverse Determination by USDA. A declaratory judgment is necessary and appropriate at this time.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 11

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

### C. Injunctive Relief

34. Plaintiffs will be irreparably harmed if this Court does not issue an Order enjoining the Defendants from withholding 2020 CFAP payments from the Plaintiffs. The USDA's current position constitutes a present and continuous injury.

35. Plaintiffs have no plain, speedy, or adequate remedy at Law.

36. If not enjoined by this Court, the Defendants will continue to maintain their position in derogation of Plaintiffs' rights.

37. As a result, Injunctive Relief is appropriate.

### D. Constitutional Violation (Due Process)

38. The adverse administrative action complained of in this case is based primarily on the conclusion that ownership in the Plaintiffs did not vest in individuals at the "fourth level" of ownership. However, an examination of federal law and applicable regulations governing the administration of CFAP payments, show that ownership in the Plaintiffs did, in fact, vest in individuals at or prior to the fourth level.

39. Plaintiffs had no fair warning that they might be considered a first-tier level of ownership or that KC LLC might be considered a legal entity for payment attribution purposes by the USDA. The lack of notice or "fair warning" of a potential violation of administrative law necessarily implicates Constitutional principles of due process under the Law.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 12

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

40. "A fundamental tenet of due process is that to be sanctioned one must have received fair notice that one's allegedly violative conduct was prohibited." Coffman v. Trickey, 884 F.2d 1057 (C.A.8 (Mo.), 1989) See also Grayned v. City of Rockford, 408 U.S. 104, 108 (1972); Wright v. Arkansas Activities Association, 501 F.2d 25, 28-29 (8th Cir.1974).   In the present case, the Defendants have financially punished Plaintiffs, by barring them from receipt of CFAP payments, because of Defendants' incorrect determination that ownership in the Plaintiffs did not vest in individuals at the "fourth level" of ownership.  It simply cannot be overstated that there is no provision under Federal law or applicable regulations that can explain the Defendants' classification of the Plaintiffs as a first-tier level of ownership for payment attribution purposes or Defendants' classification of KC LLC as a legal entity.  There is no basis for excluding Plaintiffs from CFAP payments under Federal Law or Federal Regulations.

41. In the case at hand, the Plaintiffs could not have determined by reviewing the regulations and other public statements of the Agency that the Agency would incorrectly determine ownership in the Plaintiffs did not vest in individuals at the "fourth level" of ownership.  USDA Rules and Regulations did not provide "fair warning" that the Plaintiffs would be punished for such conduct, and the application of such an unwritten standard to Plaintiffs by the National Appeals Division violates the Plaintiff's Constitutional Due Process protections.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 13

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

42. Defendants have thereby violated Plaintiffs' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. The Plaintiffs ask this Court to rule the Agency determination that Plaintiffs were ineligible to receive CFAP payments null and void, and without legal effect.

## VI.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, pray for Judgment as follows:

a. A declaration that the Plaintiffs are eligible to receive CFAP payments for the year 2020;

b. An Order setting aside the determination of USDA that the Plaintiffs were not eligible to receive CFAP payments in 2020 and that ownership in the Plaintiffs did not vest in individuals at the "fourth level" of ownership;

c. An Order enjoining Defendants from withholding the Plaintiffs' 2020 CFAP payments from the Plaintiffs;

d. An award of attorney's fees, expenses, and costs; and

e. For all such other relief as the Court deems just and proper.

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 14

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

BVM.000 \ 103197772v1

1    Dated this 1st day of August, 2022.

2                                    STOKES LAWRENCE
                                     VELIKANJE MOORE & SHORE
3

4                                    By: */s/ Brendan V. Monahan*
                                         Brendan V. Monahan (WSBA #22315)
5                                        Sean A. Russel (WSBA #34915)
                                         120 N. Naches Avenue
6                                        Yakima, WA  98901-2757
                                         Phone:  509-853-3000
7                                        Facsimile:  509-895-0060
                                         E-mail:  Brendan.Monahan@stokeslaw.com
8                                        sean.russel@stokeslaw.com

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF - 15

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

BVM.000 \ 103197772v1