1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    DANIELS RANCH, LLC, et al,

8                              Plaintiffs,            NO. 1:22-CV-3099-TOR

9         v.                                          ORDER ON CROSS MOTION TO
                                                      DIMISS AND FOR SUMMARY
10   FARM SERVICES AGENCY OF                          JUDGMENT
     UNITED STATES DEPARTMENT
11   OF AGRICULTURE, et al,

12                            Defendants.

13

14        BEFORE THE COURT is Defendants' Cross Motion to Dismiss and for

15   Summary Judgment (ECF No. 34).  These matters were submitted for

16   consideration without oral argument.  The Court has reviewed the record and files

17   herein and is fully informed.  For the reasons discussed below, Defendants' Cross

18   Motion to Dismiss and for Summary Judgment (ECF No. 34) is **GRANTED IN**

19   **PART AND DISMISSED IN PART**.

20   //


ORDER ON CROSS MOTION TO DIMISS AND SUMMARY JUDGMENT ~ 1

# BACKGROUND

This complaint arises as an action for Judicial Review of a final determination by the United States Department of Agriculture ("USDA").  ECF No.1.  Plaintiffs seek review of USDA's denial of Coronavirus Food Relief Program ("CFAP") benefits, arguing that the decision was arbitrary and capricious, and thus requesting the Court overturn the agency's action.  *Id*. at 3.

Plaintiffs are Washington State limited liability companies operating apple farming operations.  *Id*. at 6.  Membership units in all Plaintiffs are owned by two Washington business organizations; Quincy II, LLC at 99% and Kershaw Farm Labor Management, Inc at 1%.  *Id*.  Kershaw Companies, LLC, another Washington business organization, is the sole member of Quincy II, LLC.  *Id*. at 7.  During the events of this matter, KC LLC was the sole shareholder of Kershaw Farm Labor Management, Inc.  *Id*.  In turn, four separate trusts own Kershaw Companies, LLC: (1) the Robert H. Kershaw Family 2009 Family Trust; (2) the Kershaw Legacy Trust; (3) the Edward R. Kershaw Family Trust; and (4) the Mary Ann Kershaw 2009 Family Trust.  ECF No. 34 at 6.  Each trusts' beneficiary is in whole or in part an individual.  *Id*.

The CFAP program was created in response to hardship faced by the agricultural growers and producers during the Coronavirus Pandemic.  7 C.F.R. § 9.1(a).  CFAP was funded in part by the Coronavirus Aid, Relief, and Economic

Security ("CARES") Act, in which Congress empowered the Secretary of Agriculture to use funding in a discretionary manner to assist growers and producers, and in part by Commodity Credit Corporation ("CCC") funding.  85 FR 30825-01.  The program was administered through the Farm Service Agency ("FSA").  7 C.F.R. § 9.1(b).  USDA determined that CARES funding could only be used to compensate for income loss, while CCC funding was to be used for removal or disposal of surplus commodities.  ECF No. 39 at 3.  USDA issued two rounds of funding: CFAP 1 and CFAP 2.  ECF No. 34 at 3.

To receive funding, growers or producers applied to FSA and would be approved if they met certain eligibility requirements, including the legal entity attribution requirement.  7 C.F.R. § 1400.105.  Under CFAP, payments subject to attribution would have been attributed to an individual and legal entities until the attribution was made to an individual, but the chain of attribution would end after the fourth tier of ownership.  7 C.F.R. § 1400.105(c).  USDA defines a "legal entity" for attribution purposes as "an entity created under Federal or State law and that: (1) [o]wns land or an agricultural commodity, product, or livestock; or (2) produces and agricultural commodity, product, or livestock."  7 C.F.R. § 1400.3.  If the entity at the fourth tier of ownership was considered a "legal entity" all or part of the CFAP benefit would be reduced or denied accordingly.  7 C.F.R. § 1400.105(c)(4).

In 2020, Plaintiffs, a set of nine limited liability companies, applied for CFAP relief.  ECF No. 1 at 7.  After review, FSA determined that Plaintiffs' business structure was in violation of USDA's attribution rule.  *Id*. at 3. Specifically, Plaintiffs were found to be ineligible for CFAP benefits because the fourth level of ownership was not held by an individual, and as a result, Plaintiffs' relief payment was reduced by one hundred percent.  *Id*. at 7-8.

Plaintiffs first appealed to an Administrative Law Judge and then sought Directors Review.  *Id*.  In its appeal of the initial decision and to the Court, Plaintiffs contend that USDA was mistaken in its application of its attribution program.  *Id*. 9.  Plaintiffs argue that USDA improperly categorized operations as "legal entities," when the entities should have been considered "pass through," and therefore it erred when it found that an individual did not hold the operation at or before the fourth level of ownership.  *Id*. at 11.

Plaintiffs also contend that they have suffered a Due Process violation for denial of CFAP payments without fair warning or notice.  *Id*. at 14.  Plaintiffs assert that Defendants have violated their Fifth and Fourteenth Amendment rights by not providing warning for their determination and giving Plaintiffs no mechanism to determine they would be ineligible.  *Id*. at 13.

Defendants have filed a cross motion to dismiss and for summary judgment, asserting that (1) Plaintiffs' claims are moot because CARES funding for the

CFAP program no longer exists after Congress rescinded the funding through the

Fiscal Responsibility Act, (2) FSA was correct in its interpretation of CFAP

regulations, and (3) Plaintiff's Due Process Claim is for denial of benefits is

improper.  ECF No. 34 at 12-13, 17.  Plaintiffs contend that their claims are not

moot because funding for CFAP is derived from two funding sources, CARES Act

funding and CCC funding, and that FSA was arbitrary and capricious in its

interpretation of the CFAP regulations.  ECF No. 37 at 2.

## DISCUSSION

A movant is entitled to summary judgment if "there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).

USDA action denying CFAP funding is reviewed under a 5 U.S.C. § 706

standard of review.  The Administrative Procedure Act ("APA") imposes a

deferential standard of review, which is limited to a determination of whether the

agency acted in a manner that was "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law."  *Id*.; *San Luis & Delta-Mendota Water*

*Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014) (citing 5 U.S.C. § 706(2)(A)).

Under this standard, courts "do not substitute [their] judgment for that of the

agency.'"  *Earth Island Inst. v. U.S. Forest Serv*., 697 F.3d 1010, 1013 (9th Cir.

2012).  Review is limited to the administrative record before the agency decision-

maker.  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985).  The

factfinding capacity of the district court is thus typically unnecessary to judicial

review of agency decision making.  *Id*. at 744.  A decision should only be reversed

as arbitrary and capricious "if the agency has relied on factors which Congress has

not intended it to consider, entirely failed to consider an important aspect of the

problem, offered an explanation for its decision that runs counter to the evidence

before the agency, or is so implausible that it could not be ascribed to a difference

in view or the product of agency expertise."  *Motor Vehicle Mfrs. Ass'n of U.S.,

Inc. v. State Farm Mut. Auto. Ins*., 463 U.S. 29, 43 (1983).

Based on the record before the Court, USDA has not abused its discretion in

denying Plaintiffs CFAP funding.  While Plaintiffs maintain that USDA

erroneously held that Kershaw Company, LLC qualify as legal entities, and that

Plaintiffs themselves should not count toward the level of ownership, the Court

finds that USDA in its fact finding reached a logical conclusion, supported by the

intention of Congress.  ECF. No 37 at 16-17, 7 C.F.R. § 9.1(a).

Regarding Kershaw Company, LLC, the Administrative Law Judge, upheld

on Directors' review, determined that the operation "indirectly" owns

land/agricultural commodities as the holder of 100% ownership of Plaintiff entities

which applied for the CFAP benefits.  ECF No. 31 at 421.  Under CFAP

"'producer' refers to a person or legal entity who shares in the risk of producing a

crop or livestock and who is entitled to a share in the crop or livestock available for marketing." 85 FR 30825-01. Further, under the attribution scheme of CFAP, "any payment made to a first-tier legal entity that is owned in whole or in part by another legal entity (referred to as a second-tier legal entity) will be attributed to the second-tier legal entity in proportion to the ownership of the second-tier legal entity in the first-tier legal entity." 7 C.F.R. § 1400.105(c)(2)(ii). USDA is granted deference in interpreting its own regulations, and 7 C.F.R. § 1400.3 does not define the term "own," and thus their finding will not be overturned unless it is clearly erroneous or inconsistent with the regulation. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (citations omitted); *E.E.O.C. v. Com. Off. Prod. Co.*, 486 U.S. 107, 108 (1988). Here, as reflected in the record, USDA made a finding that Plaintiffs and Kershaw Companies, LLC qualify as legal entities for the purposes of attribution, based on their characteristics as companies and their connection to the agricultural operations. ECF No. 31 at 420, 422. Additionally, USDA does not support the idea of "pass through" operations in order to skip over attribution. *Id*. at 422.

The Court does not find the determination by USDA to be arbitrary or capricious. Instead, it finds that it is supported by a developed record and will not second guess an agency's findings outside of a 5 U.S.C. § 706 exception.

Plaintiffs also contend that they have a procedural due process right vested

1    in CFAP funding, and that right was violated by Defendants.  ECF No. 1 at 12.

2    Plaintiffs allege that they were given no fair warning that their conduct was

3    prohibited, thereby violating the fair notice requirement of procedural due process.

4    *Id*.

5          However, the Court disagrees with this characterization of the due process

6    rights of the Plaintiffs.  The Fourteenth Amendment protects individual's "life,

7    liberty, or property" interest, and the Supreme Court has extended such protection

8    to benefits received from the Executive Branch.  *Board of Regents of State*

9    *Colleges v. Roth*, 408 U.S. 564, 576 (1972).  Violations of such protection occur

10   when a person entitled to receive a benefit is denied the benefit without proper

11   notice.  *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970).  In order to have a

12   property interest in a benefit "a person clearly must have more than an abstract

13   need or desire for it.  He must have more than a unilateral expectation of it.  He

14   must, instead, have a legitimate claim of entitlement to it."  *Board of Regents of*

15   *State Colleges*, 408 U.S. at 577.  To be denied an interest and thus seek relief from

16   the Court, Plaintiffs must first qualify for the interest and have a legitimate claim

17   of title to it.  *Id*.; *see also Goldberg*, 397 U.S. at 262.  Plaintiffs had access to the

18   requirements provided by USDA.  Plaintiffs were denied benefits because they did

19   not meet the requirements and were fully heard through the appeals process.  This

20   denial of benefits based on USDA's interpretation of its own regulation does not

ORDER ON CROSS MOTION TO DIMISS AND SUMMARY JUDGMENT ~ 8

create a due process violation.

In upholding USDA's denial of CFAP benefits, the Court does not reach Defendants' 12(b)(1) motion to dismiss for mootness.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 34) is **GRANTED**.

2. Defendants' Cross Motion to Dismiss (ECF No. 34) is **DENIED** as moot.

3. Having resolved the issues in this case, Plaintiffs' Motion for Judgment on the Pleadings (ECF No. 36) is **DENIED as moot**.

4. All remaining deadlines and hearings are **VACATED**.

5. Each party to bear its own costs and expenses.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to counsel, and **CLOSE** the file.

DATED September 19, 2023.

THOMAS O. RICE
United States District Judge